COLONIAL AMUSEMENT COMPANY OF PHILADELPHIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12901.   Promulgated July 20, 1948.

*Llewellyn A. Luce, Esq.*, and *David Levin, C. P. A.*, for the petitioner.

*William D. Harris, Esq.*, for the respondent.

68

## OPINION.

Leech, *Judge*: The basic issue presented is whether, in computing petitioner's excess profits tax for the respective taxable periods involved, the respondent should have disallowed certain deductions under section 711 (b) (1) (J) and (K) of the Internal Revenue Code.[1]

---

[1] SEC. 711. EXCESS PROFITS NET INCOME.

\* \* \* \* \* \* \*

(b) TAXBLE YEARS IN BASE PERIOD.—

(1) GENERAL RULE AND ADJUSTMENTS.—The excess profits net income for any taxable year subject to the Revenue Act of 1936 shall be the normal-tax net income, as defined in section 13 (a) of such Act; and for any other taxable year beginning after December 31, 1937, and before January 1, 1940, shall be the special-class net income, as defined in section 14 (a) of the applicable revenue law. In either case the following adjustments shall be made (for additional adjustments in case of certain reorganizations, see section 742 (e)) :

\* \* \* \* \* \* \*

(J) Abnormal Deductions.—Under regulations prescribed by the Commissioner, with the approval of the Secretary, for the determination, for the purposes of this subparagraph, of the classification of deductions—

(i) Deductions of any class shall not be allowed if deductions of such class were abnormal for the taxpayer, and

(ii) If the class of deductions was normal for the taxpayer, but the deductions of such class were in excess of 125 per centum of the average amount of deductions of such class for the four previous taxable years, they shall be disallowed in an amount equal to such excess.

(K) RULES FOR APPLICATION OF SUBPARAGRAPHS (H), (I), AND (J).—

For the purposes of subparagraphs (H), (I), and (J)—

\* \* \* \* \* \* \*

(ii) Deductions shall not be disallowed under such subparagraphs unless the taxpayer establishes that the abnormality or excess is not a consequence of an increase in the gross income of the taxpayer in its base period or a decrease in the amount of some other deduction in its base period, and is not a consequence of a change at any time in the type, manner of operation, size, or condition of the business engaged in by the taxpayer.

\* \* \* \* \* \* \*

By way of a preliminary argument, petitioner contends that it does not have the burden of establishing the elements specified in subparagraph (K), since the respondent did not refer to said subsection in his deficiency notice. *Wentworth Manufacturing Co.*, 6 T. C. 1201. That case is clearly distinguishable on its facts. There the taxpayer had filed a claim for relief under section 711 (b) (1) (J). The respondent denied the claim on the sole ground that the taxpayer had not established the elements specified in subparagraph (K) (ii). We held, since the taxpayer had met the only issue presented by the pleadings, it was not required to anticipate other defenses not pleaded or to introduce evidence to negative unfavorable possibilities upon which they are conjectured. In the instant case, the respondent, in his deficiency notice, explained the refusal to disallow the deductions on the ground that "they are not within the purview of section 711 of the Internal Revenue Code." The assignments of error contained in the petition clearly show that petitioner was aware that it had the burden of showing the deductions were either abnormal in class, or amount, and of establishing the negative requirements specified in subparagraph (K) (ii). We find no substance in petitioner's preliminary contention. Cf. *E. B. & A. C. Whiting Co.*, 10 T. C. 102.

Apparently relying on the rationale of the *Wentworth* case, *supra*, petitioner has not offered proof showing compliance with the provisions of section 711 (b) (1) (J) (ii) and subparagraph (K). Hence, the only issue we have to determine is whether the contested deductions are of a class abnormal for petitioner under section 711 (b) (1) (J) (i).

The first item relates to the amount of $14,730.28, being the amount of salaries of its two officers accrued in 1935. Petitioner, assuming that its books were kept on the accrual basis, accrued on its books and deducted on its return for 1935 the amount of $14,730.28. The respondent determined that petitioner's books were actually kept on a cash basis and disallowed the deduction in the year 1935, but allowed it in 1936, when the amount was actually paid. Petitioner contends that the deduction of the $14,730.28 in the base period year 1936 was abnormal in class, because it is the only time it was required to pay, in one taxable year, salaries to its officers for services rendered in a prior year. Petitioner argues that in 1936 it had two classes of salary payments and the situation is analogous to that existing in *Green Bay Lumber Co.*, 3 T. C. 824. We there held that two different kinds of bad debts might be put into separate classes, and that a bad debt resulting from loans to employees of a corporation to enable them to purchase stock in another corporation was of a class different from other bad debts which were claimed and allowed. There, the amounts allowed as bad debt deductions in other years did not include any bad debts with respect to money loaned to employees. There is no evidence in this record that in years prior to the base period petitioner had not made

payments for salaries in one year for services rendered in a prior year. The stipulated facts relate to salary adjustments subsequent to the year 1936, and not to prior years. But assuming, *arguendo*, that this condition occurred for the first time in 1936, the fact that petitioner was on a cash basis, as determined by respondent, requiring the deduction to be taken in the year in which the salaries were paid, does not, we think, justify placing the deduction in a separate classification. *Oaklawn Jockey Club*, 8 T. C. 1128; *Arrow-Hart & Hegeman Electric Co.*, 7 T. C. 1350, 1368. On this record, we conclude that the deduction of $14,730.28 for officers' salaries paid in 1936 for services rendered in 1935 does not constitute a deduction of a class abnormal for petitioner.

The second issue relates to the abnormality of deductions claimed during the base period years representing the cost of premiums distributed to patrons who attended petitioner's theaters on "off nights." The stipulated facts show that the policy of distributing premiums to stimulate attendance was initiated by petitioner prior to the base period year of 1936. In *Frank Shepard Co.*, 9 T. C. 913, we held that certain deductions were of a class separate and distinct from all other deductions in the first year in which they were inaugurated and, therefore, abnormal under section 711 (b) (1) (J) (i), but that their continuation in subsequent years established a definite course of conduct rendering such deductions normal in the later years. On the authority of *Frank Shepard Co.*, *supra*, we hold that the deductions claimed for the cost of premiums distributed to patrons of petitioner's theaters are not of a class abnormal to petitioner in the base period years. For reasons heretofore stated, petitioner has not sustained its burden of establishing abnormality as to amount.

The respondent's action in refusing to disallow the deductions claimed for officers' salaries and the cost of premiums as not within the purview of section 711 (b) (1) (J) and (K) of the Internal Revenue Code was proper and his determination is sustained.

*Decision will be entered for the respondent.*